IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MARCUS D. LEE a/k/a <br> MARCUS JONES, <br><br> Petitioner, <br><br> v. <br><br> HERBERT H. SLATERY, III, et al., <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 2:98-cv-02816-JPM |

**ORDER TO MODIFY THE DOCKET AND
DENYING PENDING MOTIONS
(ECF Nos. 9 & 13)**

Before the Court are a Motion to Re-Open Habeas Proceedings and an Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Amended § 2254 Petition"), which the Clerk docketed as a motion for leave to amend, filed by Petitioner, Marcus DeAngelo Lee a/k/a Marcus DeAngelo Jones, Bureau of Prisons register number 12520-045, who is currently incarcerated at the Medical Center for Federal Prisoners ("MCFP") in Springfield, Missouri. (Mot. to Reopen, *Lee v. Slatery*, No. 2:98-cv-02816-JPM (W.D. Tenn.), ECF No. 9; Am. § 2254 Pet., *id.*, ECF No. 13.)[1] For the reasons stated below, the Court DENIES the pending motions.

---

[1] The Clerk is directed to substitute Tennessee Attorney General Herbert H. Slatery, III and the Warden of MCFP Springfield Federal Medical Center in Springfield, Missouri for Robert Sprecher as respondents in this matter. *See* Fed. R. Civ. P. 25(d).

I.        BACKGROUND

   A.     State Court Procedural History

On May 30, 1997, pursuant to a negotiated plea agreement, Lee entered a guilty plea in the Criminal Court for Shelby County, Tennessee, to a charge of escape from felony incarceration. Lee was sentenced to a term of imprisonment of one year. Lee did not take a direct appeal, having waived the right to do so. He also did not file any collateral challenges to his conviction or sentence other than motions filed in the trial court seeking a correction or modification of his sentence to include jail credit. (*See* § 2254 Pet. at 1-3, *id.*, ECF No. 1.)

   B.     Case Number 98-2816

On September 17, 1998, Lee filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition"), accompanied by a motion seeking leave to proceed *in forma pauperis*. (§ 2254 Pet., *id.*, ECF No. 1; Aff. of Prisoner in Supp. of Mot. Under 28 U.S.C. § 1915, *id.*, ECF No. 2.) The sole issue presented in the § 2254 Petition was "Unlawful Incarceration." (§ 2254 Pet. at 4-5, *id.*, ECF No. 1.) Specifically, Lee claimed that he was held past the expiration of his sentence because he did not receive the jail credit to which he was entitled. (*Id.*)

On October 30, 1998, United States District Judge Jerome Turner issued an order that, *inter alia*, granted leave to proceed *in forma pauperis*, dismissed the § 2254 Petition because Lee had failed to exhaust his claim in state court, and denied a certificate of appealability. (Order, *id.*, ECF No. 3.) Judgment was entered on November 6, 1998. (Judgment, *id.*, ECF No. 4.) The docket reflects that, on November 23, 1998, Lee's copy of the judgment was returned by the post office as undeliverable, with a notation that he had been discharged. (Docket notation.)

On November 16, 2015, seventeen years after the entry of judgment, Lee filed a Motion to Re-Open Habeas Proceedings. (Mot. to Re-Open, *id.*, ECF No. 9.)[2]

On July 6, 2016, Lee filed his Amended § 2254 Petition, accompanied by a legal memorandum, which the Clerk docketed as a motion for leave to amend. (Am. § 2254 Pet., *Lee v. Slatery*, No. 2:98-cv-02816-JPM (W.D. Tenn.), ECF No. 13; Mem. of Law in Supp. of Am. § 2254 Pet., *id.*, ECF No. 13-5.)

## II.     THE PENDING MOTIONS

### A.     Motion to Re-Open Habeas Proceedings (ECF No. 9)

In his Motion to Re-Open Habeas Proceedings, Lee complains that a judgment was entered in the case without notice to him. (Mot. to Re-Open at 3, *id.*, ECF No. 9.) He asks that the matter be re-opened and that he be allowed to file an amended or supplemental pleading to clarify the issue presented. (*Id.* at 3-4.) Lee also argues that the dismissal of his § 2254 Petition for failure to exhaust was erroneous. (*Id.* at 2, 6-7.) According to Lee, his lawyer failed to file a notice of appeal despite being instructed to do so. (*Id.* at 2.) Lee alleges that the Clerk of the Shelby County Criminal Court also refused to file his post-conviction petition. (*Id.* at 6.)

The Court can reopen the case only if Lee obtains relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, which provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)     mistake, inadvertence, surprise, or excusable neglect;
>
> (2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[2] The matter was reassigned to the undersigned judge on November 16, 2015. (Case Reassignment, *id.*, ECF No. 8.)

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (internal quotation marks omitted). Lee's Motion does not seek relief under Rule 60(b) and, consequently, he has not sought to fit his arguments within the Rule 60(b) framework. To the extent that he contends that the Court erred in dismissing his § 2254 Petition as unexhausted, his motion is untimely because a request for relief under Rule 60(b)(1) must be brought within one year of the entry of judgment.

The only other possible basis for relief is Rule 60(b)(6). The Sixth Circuit has emphasized that relief pursuant to Rule 60(b)(6) is rarely appropriate:

> [R]elief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). This is especially true in an application of subsection (6) of Rule 60(b), which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990); *see also Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-64 . . . (1988). This is because "almost every conceivable ground for relief is

4

covered" under the other subsections of Rule 60(b). *Olle*, 910 F.2d at 365; *see also Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Consequently, courts must apply Rule 60(b)(6) relief only in "unusual and extreme situations where principles of equity *mandate* relief." *Olle*, 910 F.2d at 365.

*Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). "[A] motion may not be brought under Rule 60(b)(6) if it is premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Mitchell v. Rees*, 261 F. App'x 825, 830 (6th Cir. 2008). Thus, Lee cannot rely on Rule 60(b)(6) to overcome his failure to file a timely motion under Rule 60(b)(1).

This conclusion is not altered by the fact that, because of his release, Lee apparently did not receive the dismissal order and judgment. The file reflects that copies of these documents were sent to Lee at his address of record and were returned by the post office as undeliverable. Lee failed to provide the Clerk with his forwarding address until December 1, 2014, when he requested copies of the dismissal order and judgment. (Letter, *Lee v. Slatery*, No. 2:98-cv-02816-JPM (W.D. Tenn.), ECF No. 5.) Given Lee's extreme lack of diligence, principles of equity do not mandate relief in this case.

In addition, a prisoner may file only one § 2254 petition challenging a conviction. 28 U.S.C. § 2244(a). After the instant case was dismissed, Lee filed a second § 2254 petition challenging his 1997 Shelby County conviction for escape. (§ 2254 Pet., *Lee v. Cooper*, No. 2:10-cv-02213-SHM-tmp (W.D. Tenn.), ECF No. 1.) On February 28, 2011, United States District Judge Samuel H. Mays, Jr. dismissed the petition as time barred. (Order, *id.*, ECF No. 13.) Judgment was entered on March 3, 2011. (Judgment, *id.*, ECF No. 14.) The Sixth Circuit Court of Appeals denied a certificate of appealability. *Lee v. Cooper*, No. 11-5401 (6th Cir. May

5

25, 2011). Because Lee has litigated a § 2254 petition challenging his escape conviction, the Court cannot reopen the instant case to allow him a second opportunity to challenge that conviction.[3]

The Motion to Re-Open is DENIED.

**B.     The Motion for Leave to Amend (ECF No. 13)**

In his Amended § 2254 Petition, which the Clerk docketed as a motion for leave to amend, Lee seeks to amend his original § 2254 Petition to challenge Shelby County judgments for Unlawful Possession of Cocaine with intent to sell, Sale of Cocaine, Possession of a Deadly Weapon, and Felony Escape.  (Am. § 2254 Pet. at 1, *Lee v. Slatery*, No. 2:98-cv-02816-JPM (W.D. Tenn.), ECF No. 13.)  The judgments at issue were entered on December 11, 1995 and May 30, 1997.  (*See* Mem. of Law in Supp. of Am. § 2254 Pet. at 3, *id.*, ECF No. 13-5.)  The proposed Amended § 2254 Petition raises the following issues:

1.  "DENIAL OF DUE PROCESS BY STATE COURT REFUSAL TO VACATE INVOLUNTARY GUILTY PLEAS THAT THE STATE TRIAL COURT LACKED JURISDICTION TO IMPOSE" (Am. § 2254 Pet. at PageID 32, *id.*, ECF No. 13; *see also* Mem. of Law in Supp. of Am.

---

[3] Although the Motion to Re-Open is less than clear, Lee appears to argue that Case Number 10-2213 should have been dismissed as second or successive.  (Mot. to Re-Open at 3 n.2, *Lee v. Slatery*, No. 2:98-cv-02816-JPM (W.D. Tenn.), ECF No. 9.)  Ordinarily, dismissals for failure to exhaust are without prejudice to a party's right to file a new § 2254 petition after he has exhausted his claims in state court.   In this case, however, the dismissal order and judgment failed to state that the dismissal was without prejudice.  Unless an order of involuntary dismissal explicitly states otherwise, a dismissal is with prejudice.  Fed. R. Civ. P. 41(b).  Even if Lee is correct that Case Number 10-2213 should have been treated as successive, it was addressed on the merits after Lee failed to disclose his previous § 2254 Petition.  (*See* § 2254 Pet. at PageID 11-12, *Lee v. Cooper*, No. 2:10-cv-02213-SHM-tmp (W.D. Tenn.), ECF No. 1.)  Any error in that case does not entitle Lee to yet another opportunity to challenge his escape conviction in federal court.

§ 2254 Pet. at 7-8, *Lee v. Slatery*, No. 2:98-cv-02816-JPM (W.D. Tenn.), ECF No. 13-5); and

2. "DENIAL OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION BASED ON A INVOLUNTARY PLEA TO A NON-EXISTING OFFENSE CHARGED IN THE INDICTMENT AND ONE THE TRIAL COURT LACKED JURISDICTION TO IMPOSE" (Am. § 2254 Pet. at PageID 33, *id.*, ECF No. 13; *see also* Mem. of Law in Supp. of Am. § 2254 Pet. at 8-9, *Lee v. Slatery*, No. 2:98-cv-02816-JPM (W.D. Tenn.), ECF No. 13-5).

Under Rule 15(a)(2), a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "When a party seeks to amend a complaint after an adverse judgment, it . . . must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010); *see also In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008) ("Plaintiffs wholly fail to appreciate that because the district court dismissed this action, the court must first reopen their case in order to . . . permit them to submit an amended complaint.") (collecting cases). "A claimant who seeks to amend a complaint *after* losing the case must provide a compelling explanation to the district court for granting the motion." *Leisure Caviar, LLC*, 616 F.3d at 617.

For the reasons previously stated, Lee is not entitled to relief under Rule 60. He also cannot obtain relief from judgment under Rule 59(e) because the Motion to Re-Open was filed more than twenty-eight days after the entry of judgment.[4]

Leave to amend is DENIED.

### III. APPEAL ISSUES

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"). A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

In this case, reasonable jurists could not disagree with the Court's resolution of the pending motions. Because any appeal by Petitioner does not merit further review, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed

---

[4] Even if it had discretion to do so, the Court would also deny leave to amend because Lee has already litigated a § 2254 petition challenging the guilty plea convictions obtained in the Shelby County Criminal Court on December 11, 1995. (*See* Order of Dismissal at 5, *Lee v. Cooper*, No. 2:08-cv-02302-STA-dkv (W.D. Tenn.), ECF No. 36.) On September 29, 2009, United States District Judge S. Thomas Anderson dismissed that § 2254 petition as untimely. (*Id.* at 7-13.) Judgment was entered on September 30, 2009. (J. in a Civil Case, *Lee v. Cooper*, No. 2:08-cv-02302-STA-dkv (W.D. Tenn.), ECF No. 37.) An amended judgment was entered on October 21, 2009. (Am. J. in a Civil Case, *id.*, ECF No. 41.) The Sixth Circuit denied a certificate of appealability. *Lee v. Cooper*, No. 10-5734 (6th Cir. Apr. 1, 2011). Lee has not sought leave from the Court of Appeals to file a second or successive § 2254 petition challenging these convictions.

*in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[5]

IT IS SO ORDERED this 4th day of August, 2016.

s/ JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).